JUDGE PETERS
delivered the opinioh of the court:
On the 17th of November, 1861, John M. Glinn executed a note to appellee for one thousand dollars, due six months from date, with Charles Ford and J. J. R. Flournoy as his sureties; and on the 18th of June, 1861, John M. Glinn executed a note to appellee for one thousand one hundred and eighty dollars, with J. J. R. Flournoy and J. Offutt as his sureties, due twelve months after date. In October, 1866, suits were brought on said notes against the principal aud sureties; the suits were heard together, and judgment was rendered against Glinn by default; but the sureties, as a defense, allege, in substance, that they are the mere sureties of Glinn, as appellee well knew, and that he did, without their knowledge or consent, agree verbally with said Glinn to give further time after said notes became due for the payment thereof, and not to coerce payment for the space of-, for a good and valuable consideration then and there paid by said Glinn, and received by said appellee; that the consideration so paid consisted of fee bills and taxes which appellee owed, and which Glinn, as sheriff of Scott county, had in his hands to collect, and which were surrendered to him, for which he agreed to indulge him for the space of - next.
The deposition of Glinn was taken by appellants, who proves that, in a conversation with appellee on the subject of these notes, he told him he wanted ten per cent. *488 on his money, and if he, the witness, would secure him four per cent., the notes could run on at six per cent., but if not, he must hunt up his sureties and renew the notes, they then being past due. That he replied to appellee he might take the four per cent., to make him up his ten per cent, on his money, out of the taxes he then owed the witness as sheriff, and fee bills he had against him. This occurred in the fall of 1862. There was nothing done during that year; but in the spring or summer of 1863 he handed the tax receipts for appellee’s taxes, and the fee bills, to Mr. Ireland, and told him he had made an arrangement with appellee to deliver them to him, and directed Ireland to hand them to appellee, which was done, as he told him; and that he also told him, after he had received them, that he had made the calculation of the four per cent, on said notes, and it did not require the full amount of fee bills and taxes to pay the same; that he owed him a balance, for which he would give him a credit, if he paid the notes or upon their renewal; that he also told him it was satisfactory. And in a subsequent part of his deposition, in answer to a question asked him, lie said it was clearly his understanding, that if he would secure plaintiff four per cent., he would not bring the suit. And he further proves, that the interest was calculated up to the time he had gone to town in the summer of 1863, which was necessarily the interest due up to that time.
Ireland proves that he delivered the tax receipts and fee bills to Glass on the 22d of May, 1863, which were to be credited on the notes he held on Glinn, under an arrangement he had with him.
But neither Glinn nor Ireland prove that there was any agreement with Glass that he would indulge the obligors in said note for any fixed or definite period, or, indeed, *489 that he would indulge them at all; but the payments were for the accrued usurious interest on the notes, and the overplus he was willing to pay to Glinn, or to credit on the notes, which repels the conclusion that there was any binding contract for indulgence at all.
The evidence fails to establish any valid contract or agreement for forbearance, or any contract whatever for future indulgence, and there was no novation whereby the sureties could be released. But the evidence does establish the fact, that the tax receipts and fee bills were received to be credited upon the notes then held by Glass on Glinn as principal, and Flournoy and Ford and Flournoy and Offutt as sureties, under an agreement previously made by the parties; and having agreed upon what debts they were to be credited, appellee had no right to apply them as credits on any other debt of Glinn. Glinn had a right to direct, at the time of the payment, upon what debts they should be credited, and having done so, appellee had no right to change or disregard the direction.
Wherefore, the judgment is reversed, and the cause is remanded, with directions that the court below credit the judgment with the sum of two hundred and eighty-eight dollars as of the first of September, 1862, to be apportioned between the note of Glinn, with Flournoy and Ford as his sureties to appellee, and that of Glinn, with Flournoy and Offutt as his sureties, according to their respective amounts.